UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VINCENT MASINO, et al.,

                              Plaintiffs,

          - against -

GRANITE WORKS, INC.,

                             Defendant.
----------------------------------------------------------X

**ORDER**

CV 06-588 (DLI) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

On April 19, 2006, in their capacities as trustees and fiduciaries of the Welfare, Pension, Annuity and Apprenticeship, Skill, and Improvement Training Funds for the District Council of Pavers and Road Builders of the Laborers' International Union of North America, AFL-CIO, plaintiffs Vincent Masino, Robert Cheverie, John Peters, Anthony Fasulo, Michael Scaraggi and Dominick Agostino moved for a default judgment against defendant Granite Works, Inc. Docket Entry ("DE") 3. The Clerk of Court entered a Notation of Default on April 26, 2006, and on the following day, the Honorable Dora Lizette Irizarry, United States District Judge, entered judgment and referred the matter to me for an inquest on damages and attorneys' fees. DE 4; Order dated April 27, 2006. On June 13, 2006, I directed the plaintiffs to submit evidentiary support for their damages application, DE 5, and the plaintiffs provided materials on June 26, 2006. I now order the plaintiffs to supplement their submission as set forth below.

The plaintiffs have applied for damages including $621.50 in interest. DE 6, Declaration of Judy Wong (undated) ¶ 5. The current record, consisting of a computer printout that borders on indecipherable and two conflicting affidavits, does not warrant such an award. For example, the affidavits inform the court that the outstanding contributions at issue in this litigation were

paid, but fail to include the dates on which the contributions became delinquent and were paid. Without evidence of the duration of delinquency, I cannot assess to a reasonable certainty what amount of interest accrued. Moreover, the affidavit submitted on April 19, 2006 refers to the amount of delinquent interest payments as $237.16, while the affidavit submitted on June 26, 2006 asserts that the amount is $621.50. DE 3, Affidavit of Judy Wong dated April 19, 2006 ¶ 5; DE 6, Declaration of Judy Wong (undated) ¶ 5. Similarly, without context, the computer printout appears to be nothing more than a string of numbers and symbols that may or may not correlate to the sums sought here – it certainly does not provide a factual basis upon which to rest an award.

In the interest of fairness, I will provide the plaintiffs one final opportunity to supply evidence in support of their request for relief. No later than February 1, 2007, the plaintiffs shall supplement their evidentiary submission to clarify (1) the basis for the $621.50 they claim as damages, and (2) the precise duration of the period during which the contributions forming the basis of this litigation were delinquent. If the plaintiffs wish, instead, to rest on the record currently before me, they shall submit a letter informing me of that fact on or before the same date.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 24, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge